

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0245–09 & PD–0246–09

### SAFETY NATIONAL CASUALTY CORPORATION
### (AGENT MICHAEL W. COX), Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**Meyers, J.**, filed a concurring opinion.

### CONCURRING OPINION

I agree with the majority that the court of appeals erred in holding that it was proper to assess civil appellate filing fees in criminal bond-forfeiture appeals. I write separately to note the arguments of the Amicus Curiae, the Professional Bondsmen of Texas ("PBT"). PBT asserts that the use of the word "rules" in Article 22.10[1] is

---

[1]Code of Criminal Procedure Article 22.10 states: "When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as

significant. As PBT points out, rules are not statutes. The distinction between rules and statutes is that civil rules[2] are promulgated by the Supreme Court of Texas, which does not have revenue-generating or taxing authority, while statutes are enacted by the legislature and may authorize an assessment of revenue or an imposition of filing fees.

PBT argues that since civil court filing fee *statutes* are not "rules governing other civil suits" as stated in Article 22.10, they are not applicable to bond forfeiture cases. PBT acknowledges that a bond forfeiture proceeding is different from the underlying criminal case from which it arises, and that the Texas Rules of Civil Procedure apply to a bond forfeiture case. For example, although a bond forfeiture proceeding is a criminal case, it requires service on the surety rather than arrest, and the burden of proof is preponderance of the evidence, as in civil cases. But it is only the *Rules* of Civil Procedure that apply; and the Rules of Civil Procedure do not impose filing fees. Under the language of Articles 22.10 and 44.44, civil *statutes* do not apply to criminal bond-forfeiture cases.[3] It is therefore improper for courts to assess civil filing fees in such

---

defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same *rules* governing other civil suits." (emphasis added). *See also* Code of Criminal Procedure Article 44.44, stating, "In the cases provided for in the two preceding Articles [related to Appeal on Forfeitures and Writ of Error], the proceedings shall be regulated by the same *rules* that govern civil actions where an appeal is taken or a writ of error sued out." (emphasis added).

[2]The "rules" that govern criminal cases are actually statutes enacted by the legislature and codified in Texas Code of Criminal Procedure.

[3]The civil statutes that impose the fees at issue in this case include Texas Government Code, Texas Local Government Code, and Texas Civil Practice and Remedies Code.

cases.

Finally, PBT notes the difference between "court costs" and "filing fees." PBT does not object to paying court costs, which arise from services performed by the clerk's office in a specific civil case–such as service of citation. It is the revenue-generating filing fees that the legislature has not authorized in criminal bond-forfeiture cases with which PBT disagrees.

With these comments, I join the opinion of the majority.


Meyers, J.


Filed: March 3, 2010

Publish